UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONY O. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10 CV 1613 RWS |
| ) | |
| TERRY RUSSEL, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This matter is before me on the petition for writ of habeas corpus filed by Petitioner Tony O. Johnson. I referred this matter to United States Magistrate Judge Lewis M. Blanton for a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On July 18, 2013, Judge Blanton filed his recommendation that Johnson's habeas petition should be denied.

Johnson objects to Judge Blanton's Report and Recommendation. After conducting a de novo review of all matters relevant to the petition, I will adopt and sustain the thorough reasoning of Judge Blanton and will deny Petitioner's habeas petition.

Johnson first contends that Judge Blanton applied an incorrect legal standard when analyzing his claims. Under the Antiterrorism and Effective Death Penalty Act, a federal court may not grant habeas relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding." 28 U.S.C. § 2254(d).  This is a highly deferential standard, <u>Hardy v. Cross</u>, 132 U.S. 490, 491 (2011), which Judge Blanton correctly applied when reviewing Johnson's claims.

Johnson argues that Judge Blanton erred in concluding that he is not entitled to relief on Ground 1 of his petition.  In his objections, Johnson restates the arguments he made in support of this habeas petition and contends that the trial court erred in overruling his objection to a statement made by the prosecuting attorney during voir dire.  To prevail on a due process claim based on comments made by the prosecutor, a petitioner must show that the comments "were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair."  <u>Kellogg v. Skon</u>, 176 F.3d 447, 451 (8th Cir. 1999).  I find that Judge Blanton correctly applied the governing law to the facts of Johnson's case and correctly concluded that the Missouri court's determination that the prosecutor's statement did not fatally infect the trial was not contrary to, or an unreasonable application of, clearly established federal law.  Johnson is not entitled to relief under Ground 1.

Johnson also objects to Judge Blanton's findings on Ground 2, in which he argues that the trial court erred and abused its discretion in overruling his objection to a jury instruction.  Habeas relief may be granted for erroneous jury instructions only when the error constituted a fundamental defect that resulted "in a complete miscarriage of justice, [or] an omission inconsistent with rudimentary demands of a fair trial."  <u>Crump v. Caspari</u>, 116 F.3d 326, 327 (8th Cir. 1997).  I find that Judge Blanton correctly determined that Ground 2 of Johnson's petition fails because he did not establish that the alleged erroneous jury instruction deprived him of a fair trial.

Johnson next argues that Judge Blanton incorrectly decided his ineffective assistance of

counsel claims raised in Grounds 3, 4, 5, and 6 of his petition. Once again, Johnson's objections largely restate the arguments he made in support of this petition. I agree that Johnson is not entitled to habeas relief on his ineffective assistance of counsel grounds for the same reasons stated by Judge Blanton in his Report and Recommendation. On each ground, Johnson failed to demonstrate that his trial counsel erred, or that he was prejudiced by the alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Judge Blanton correctly applied the governing law to the facts of Johnson's case and correctly concluded that the Missouri court's ruling that petitioner received effective counsel was not contrary to, or an unreasonable application of, clearly established federal law. As a result, I am overruling Johnson's objections to Judge Blanton's determination of Grounds 3, 4, 5, and 6 of his petition.

Finally, Johnson argues that Judge Blanton erred finding that Ground 7 of his petition is procedurally defaulted. A review of the record reveals that Johnson did not raise this ground in his direct appeal or post-conviction proceedings. Because Johnson did not raise this federal ground in state court, it is procedurally barred. See Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011). A habeas petitioner may overcome this procedural bar by showing a cause for the procedural default in state court and actual prejudice as a result of the alleged violation of law, or by demonstrating his actual innocence. Storey v. Roper, 603 F.3d 507, 523 (2012). Johnson does not allege a cause for his default, but argues that he should not be required to demonstrate his innocence in order to overcome the procedural bar. Johnson's argument fails. The fundamental miscarriage of justice exception, which Johnson seeks to invoke, requires that the petitioner present new reliable evidence that he is innocent. Id. at 524. Johnson has not submitted any new evidence of his actual innocence. Accordingly, I find that Judge Blanton correctly applied the law to the facts of Johnson's case and correctly determined that Ground 7 of

Johnson's petition is procedurally barred.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because Johnson has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on July 18, 2013 [#22] is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Petitioner's objections to the Report and Recommendation [#26] are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Tony O Johnson's Petition for Writ of Habeas Corpus [#1] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2013